# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**KATHY CRAIN GENTRY**                                                     **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:09CV-P161-M**

**HART COUNTY JAIL** *et al.*                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathy Crain Gentry filed a *pro se* complaint *in forma pauperis* pursuant to 42 U.S.C. § 1983. The complaint and supplements to the complaint (DNs 6 and 11) are before the Court for initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Kentucky Correctional Institute for Women (KCIW). She files suit against the Hart County Jail and KCIW. In her complaint, she states that she fell very hard from her top bunk on April 18, 2009, and "couldnt move for the longest time." She claims that the nurse did not call an ambulance, but ran her fingers down her spine and told her that there was nothing wrong with her spine. Plaintiff alleges that when the nurse called the LPN, she was given two Tylenol. When the LPN examined her the next morning, he gave her 800 milligram Ibuprofen. Plaintiff claims that the LPN was not going to call a doctor until she threatened him with a lawsuit. She was ordered to undergo x-rays three days later. She was then sent to a back specialist to have a bone scan, which showed that she had a compressed spine. She was put in a brace, but she could not wear the brace because she had no room to walk in the brace in the room where she was housed. Plaintiff states that she argued with the LPN that she could not wear the brace and she was sent to KCIW.

Plaintiff alleges that in June 2009, before her transfer to KCIW, she had an appointment with a back specialist but she has still not seen a back specialist. She further states, "They are telling me that they are broke, and cannot and will not send out to any doctors for surgery unless it is an emergency." Plaintiff alleges that she is currently in a great deal of pain and it continues to get worse. She states, "There way of dealing with it here is Tylenol, and to hope I get out soon."

Plaintiff also alleges that in October she could not walk very far and she had to be placed in a wheelchair. She states, "I feel if they would have fixed this when I came in I would not be in this Chair know." She also states, "They told me that frankfort will no pay for it because im to close to going to Proroboaird, and I feel that I got hurt being state property they chould fix this." She also alleges that, since filing the complaint, she found out that "the plate in the top of my neck is broke" but she has not yet seen a doctor.[1]

As relief, Plaintiff seeks unspecified punitive damages. She also states in the Relief portion of the complaint, "If the medical treatment is not recieved, I would relief on my current sentence to get the help I need. I would also require surgery."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action proceeding *in forma pauperis*, the trial court must

---

[1] In a supplement to the complaint (DN 11), Plaintiff states that she wants to sue the company that the LPN works for. However, a claim against that entity would fail because "[a] private corporation is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff makes no allegations concerning the entity which employed the LPN and does not allege any official policy or custom on the part of that entity.

review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.    KCIW**

KCIW is part of the the Kentucky Department of Corrections ("DOC"). The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.

Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because neither KCIW nor DOC is a "person" under the Act, the Court will dismiss Plaintiff's claim against KCIW for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against KCIW. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Accordingly, the Court will also dismiss Plaintiff's claim against KCIW for lack of subject matter jurisdiction.

Plaintiff could assert claims against the individual medical providers who allegedly denied her medical treatment after she has exhausted her administrative remedies. **The Clerk of Court is DIRECTED to send Plaintiff the § 1983 complaint packet.**

**B.     Hart County Jail**

The Hart County Jail is a department of the municipality Hart County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether

---

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326

(1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that any person acted pursuant to a municipal policy or custom of Hart County in causing her alleged harm. Plaintiff alleges, "There way of dealing with it here is Tylenol, and to hope I get out soon." However, this allegation is made against officials at KCIW, not the Hart County Jail. Plaintiff makes no allegation of a policy or custom on the part of the Hart County Jail. Plaintiff's claims concerning her treatment at the Hart County Jail appear to allege isolated occurrences affecting only her. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the actions Plaintiff complains of occurred as a result of a policy or custom implemented or endorsed by Hart County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly, the claim against the Hart County Jail will be dismissed for failure to state a claim upon which relief may be granted.

A separate order of dismissal will be entered consistent with this Memorandum Opinion and Order.

Date:

cc: Plaintiff, *pro se*
4412.010